IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEPHEN L. JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv433 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Stephen L. Jackson, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Factual Background

In 1999, pursuant to a plea of guilty entered in accordance with a written plea agreement, movant was convicted of conspiring to interfere with commerce by robbery, interfering with commerce by robbery and using and carrying a firearm in relation to a crime of violence.  He was sentenced to a total of 322 months imprisonment.  In 2004, an amended judgment was entered reducing the term of imprisonment to 161 months.

Grounds for Review

Movant asserts the following grounds for review:  (a) the government failed to disclose exculpatory evidence; (b) the court improperly refused to reduce his offense level based upon

acceptance of responsibility and (c) he received ineffective assistance of counsel because counsel failed to convince the court to reduce his offense level based upon acceptance of responsibility.

## Standard for Review

A court may grant relief under 28 U.S.C. § 2255 only for a "transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "A collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). "Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Vaughn*, 955 F.2d at 368.

## Analysis

*Exculpatory Evidence*

In connection with sentencing, movant's offense level was increased by two levels for obstruction of justice. In addition, while movant entered a plea of guilty, his offense level was not decreased based on acceptance of responsibility. Movant's Presentence Report contained the following explanation for these

determinations:

> On September 30, 1997, while confined in the Liberty County Jail, the defendant attempted to escape. Early that morning, he reported for work in the jail kitchen, and quickly realized that he needed to go to the bathroom. When he went into the kitchen's bathroom, he looked up at the ceiling and saw that a vent cover above the toilet was hanging down. Stacking some milk cartons on top of the toilet, the defendant was able to stand on them, which allowed him to see into the vent space. At that time, the defendant pulled himself into the space. About the same time, the defendant heard the sound of hand held radios and of people approaching the bathroom. He then lifted his feet up into the space, so that people would not be able to see him if they looked into the bathroom. Correctional officers saw the defendant and ordered him to come out of the space, which he did.
>
> The defendant was subsequently interviewed by FBI agents and advised that he was not attempting to escape from custody. The defendant states he was trying to fix the vent and became curious as to what was up there. The defendant was unable to provide a reason as to why he did not simply advise jail officials about the broken vent cover. Also, the defendant claimed that a hand written map found in his cell by prison officials was drawn so that he could tell his friends and relatives how to get to the jail if they wanted to visit him. The defendant reiterated to FBI agents that the entire episode in the kitchen was a misunderstanding, and that he was not attempting to escape.

Movant states that when he was interviewed by the FBI agents, he told them that he and others at the jail made wine every week and stored it in the attic of the jail. He states that while he told the agents he went into the attic to check on the wine, rather than in an attempt to escape, the agents failed to provide the court with this explanation.

3

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the suppression of evidence favorable to a defendant violates the Due Process Clause, regardless of whether the state acted in good faith. "The guiding principle of *Brady* is that a jury should be permitted to hear and evaluate all relevant evidence going to a defendant's guilt or punishment." *Fulford v. Maggio*, 692 F.2d 354, 357 (5th Cir. 1982), *rev'd in part on other grounds*, 462 U.S. 111 (1983). Both exculpatory evidence and impeachment evidence fall within the rule set forth in *Brady*. *See Rector v. Johnson*, 120 F.3d 551 (5th Cir. 1997).

However, *Brady* does not require the government to produce for a defendant evidence already known to him. *United States v. Bermea*, 30 F.3d 1539 (5th Cir. 1994). In this case, movant was aware of the evidence he states the government failed to disclose--that he did not go into the attic in an attempt to escape, but in order to check on homemade wine. As movant was aware of the evidence which was supposedly not disclosed, his *Brady* claim is without merit.

*Acceptance of Responsibility*

As stated above, movant's offense level was not reduced based upon acceptance of responsibility. In explaining this determination, the probation officer stated:

4

> The defendant has pled guilty in this case and admitted to his involvement in the instant offense. However, while in jail and awaiting trial, the defendant attempted to escape. The defendant has been given an adjustment under U.S.S.G. § 3C1.1 for attempting to obstruct justice. As this type of behavior is not indicative of acceptance of responsibility, a downward adjustment pursuant to U.S.S.G. § 3E1.1 is not warranted in this case.

In addition, in responding to objections filed by movant's counsel, the probation officer stated:

> U.S.S.G. § 3E1.1, comment (n.4) states conduct resulting in an enhancement under U.S.S.G. § 3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which both adjustments may apply. The probation officer cannot, based on the circumstances surrounding the obstruction of justice enhancement, conclude that this is an extraordinary case in which both adjustments should apply.
>
> U.S.S.G. § 3E1.1, comment (n.2), states that a determination that a defendant has accepted responsibility will be based primarily upon pretrial statements and conduct. The probation officer feels that escaping or attempting to escape from custody is highly indicative of a defendant who has not accepted responsibility for his conduct as this behavior indicates such individuals are attempting to avoid responsibility for their acts.
>
> Further, U.S.S.G. § 3E1.1, comment (n.1b) states in determining whether a defendant qualifies for a reduction under subsection (a), appropriate considerations include voluntary termination or withdrawal from criminal conduct. The guidelines do not require that such criminal conduct be charged or that a conviction be obtained. The probation officer feels the defendant's attempted escape is certainly an offense for which he could have been charged.

This ground for review involves a technical application of the United States Sentencing Guidelines (the "Guidelines"). A district

court's technical application of the Guidelines does not give rise to a constitutional issue. *United States v. Vaughn*, 955 F.2d at 367. As this ground for review does not give rise to a constitutional issue and could have been raised on direct appeal, it is not cognizable in a motion filed pursuant to 28 U.S.C. § 2255 unless it would result in a complete miscarriage of justice. *Id.* In light of the information provided to the court in connection with movant's sentencing, the court is unable to conclude that denying movant credit for acceptance of responsibility resulted in a complete miscarriage of justice.

*Ineffective Assistance of Counsel*

A.  Legal Standard

To prevail on an ineffective assistance of counsel claim, a two-pronged test must be satisfied. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1994); *Beets v. Scott*, 65 F.3d 1258, 1273 (5th Cir. 1995). First, it must be shown that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Second, it must be shown that counsel's deficient performance prejudiced the defense. *Id*. at 687; *Ramsom v. Johnson*,

126 F.3d 716, 721 (5th Cir. 1997). To show prejudice, it must be demonstrate that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999). *Williams v. Taylor*, 529 U.S. 363, 391 (2000) (quoting *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Williams v. Taylor*, 529 U.S. 363, 391 (2000).

   B. Application

Movant state he received ineffective assistance of counsel at sentencing because counsel failed to convince the court his offense level should be decreased based upon acceptance of responsibility.

As indicated above, counsel filed objections to the probation officer's recommendation that movant should not receive credit for acceptance of responsibility. However, the objections were overruled by the court. It is not clear what movant believes counsel should have done differently in connection with the acceptance of responsibility issue. Moveover, in light of the evidence presented concerning movant's conduct while in the Liberty County Jail, there is not a reasonable probability movant would have received credit for acceptance of responsibility even if

7

counsel had performed differently.  As it cannot be concluded counsel performed deficiently or caused movant to suffer prejudice, this ground for review is without merit.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit.  A final judgment shall be entered denying the motion to vacate.

**SIGNED** this the **26** day of **June, 2008.**

_____
Thad Heartfield
United States District Judge